# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER FLETCHER** <br> 3723 Jamison Street, N.E. <br> Washington, D.C. 20018 <br> **PLAINTIFF** <br><br> v. <br><br> **LIFE INSURANCE CO.** <br> **OF NORTH AMERICA** <br> 1601 Chestnut St. <br> 2 Liberty Place <br> Philadelphia, PA 19192 <br><br> <u>Serve On:</u> <br> CT Corporation System <br> 1015 15th St. NW <br> Suite 1000 <br> Washington, D.C. 20005 <br><br> and <br><br> **HEALTH MANAGEMENT** <br> **SYSTEMS INC.** <br> 5615 High Point Dr <br> Ste 100 <br> Irving, TX, 75038 <br><br> <u>Serve On:</u> <br> CT Corporation System <br> 1015 15th St. NW <br> Suite 1000 <br> Washington, D.C. 20005 <br> **DEFENDANTS** | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action Number: <u>21-3882</u> <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Christopher Fletcher respectfully files this Complaint and hereby sues Defendants Life Insurance Co. of North America (hereinafter Defendant LINA) and Defendant Health Management Systems, Inc. (Defendant Health Management) because of its unlawful

1

refusal to pay continuing disability benefits to Plaintiff Christopher Fletcher (hereinafter Plaintiff Fletcher) from September 21, 2019 until 2021 and states as follows:

## Jurisdiction & Venue

1. This Court has jurisdiction of this case pursuant to 29 U.S.C. §1132(a)(I)(B), 29 U.S.C. §1132(e)(1), 29 U.S.C. § 1132 (g)(2)(D) and 1132(f). These provisions of the Employee Retirement Income Security Act of 1974 (ERISA) provide jurisdiction to this Court to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan (herein "Plan"). In this case, the Plan consists of a policy of group long-term disability insurance offered to employees of Defendant Health Management. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331, which gives jurisdiction over actions that are brought under the laws of the United States.

2. The ERISA statute provides a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue properly lies in this Court. Plaintiff Fletcher was a District of Columbia resident when he was an employee of Defendant Health Management and a participant in the subject benefits plan.

## Nature of Action

4. This action seeks an award of disability income benefits to Plaintiff Fletcher pursuant to an employee welfare benefit plan. ERISA applies to this action because the plan constitutes an employee welfare benefit plan as defined by 29 U.S.C. §1001(1). Plaintiff Fletcher's coverage under the plan made him a "participant" in the Plan pursuant to 29 U.S.C. § 1002(7).

## The Parties

5. Plaintiff Fletcher is a resident of the District of Columbia. At all times relevant hereto, Plaintiff Fletcher was a participant in the plan as a benefit incident to his employment at Health Management. The Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1) and Plaintiff Fletcher's coverage under the plan made him a 'participant' in the plan pursuant to 29 U.S.C. §1002(7).

6. Defendant Health Management provided long-term disability benefits to its employees, including Plaintiff Fletcher through Defendant LINA and was the plan administrator of its long-term disability plan.

## Statement of Facts

7. Plaintiff Fletcher had surgery on his left ankle in June 2019. (See Exhibit 1 summary of Cigna claim handler)

8. Plaintiff Fletcher developed a severe infection after having surgery and was diagnosed with osteomyelitis. (Exhibit 1)

9. Plaintiff Fletcher continued to try to perform his job duties but was unable to continue after September 21, 2019 due to pain and osteomyelitis. (See Exhibit 1) As a result, Plaintiff applied for long term disability benefits.

10. Plaintiff Fletcher's job duties was a Senior Director of Government Relations. (See Exhibit 1 which Defendants classified as a sedentary position. (See Exhibit 1)

11. Defendants' long term disability policy had an elimination period of six months from the onset date of disability. (See Exhibit 2 – long term disability policy)

12. During the elimination period from September 19, 2019 until March 19, 2020, Plaintiff underwent eight separate surgical procedures due to pain and osteomyelitis in his left

ankle. (See Exhibit 1 – concerning procedures in August and September 2019; Exhibit 3 – surgical procedures in November 2019).

13. Plaintiff Fletcher was also advised by Defendant Cigna that he should also apply for Social Security disability after he filed his initial application for long term disability benefits. (See Exhibit 4) Plaintiff Fletcher did apply for Social Security disability as he was directed to by Defendant Cigna.

13. Plaintiff Fletcher was unable to work as he testified due to pain, having to elevate his leg and osteomyelitis. (See Exhibit 5 – Affidavit of Christopher Fletcher)

14. As a result of complications from the original surgery in June 2019, Plaintiff Fletcher transferred his care to Walter Reed Medical Center and came under the care and treatment of Dr. Tobin T. Eckel at Walter Reed Medical Center in the fall of 2019 through and including 2021.

15. Plaintiff Fletcher had to have a PICC line inserted into a vein containing antibiotics inserted to deal with the osteomyelitis which was another reason why he was unable to work in a sedentary capacity for several weeks beginning in November 2019.

15. On March 11, 2020, Dr. Eckel provided a steroid injection because Plaintiff Fletcher believed that his care had plateaued, he was no longer improving, he had decreased range of motion and pain with impact activity. (See Exhibit 6)

16. Despite the fact that Plaintiff had underwent eight separate surgical procedures after his initial surgery in June 2019, a PICC line and a separate cortisone injection, Defendants alleged on June 30, 2020 that they could not make a decision and determine whether or not Plaintiff satisfied the six-month elimination period contained in the long term disability policy. (See Exhibit 7)

17. Defendants then scheduled Plaintiff for an medical evaluation with Dr. Eckel in July

2020 to determine whether or not Plaintiff satisfied the elimination period contained in the policy. (See Exhibit 8) Defendants identified Dr. Eckel as a qualified provider.(See Exhibit 8)

18. Dr. Eckel is a board-certified orthopedic surgeon. (See Exhibit 9)

19. Defendants asked Plaintiff Fletcher to complete a COVID questionnaire before scheduling him for an independent medical examination. (See Exhibit 10)

20. Dr. Eckel declined to perform the medical evaluation on Plaintiff Fletcher although Defendants recognized Dr. Eckel as a qualified provider in terms of Plaintiff's specific disabling conditions. (See Exhibit 8)

21. Defendants then scheduled Plaintiff Fletcher for another independent medical evaluation which was done in August 2020. The independent medical examiner was not asked to opine concerning Plaintiff Fletcher's medical conditions during the elimination period from September 2019 through and including March 2020.

22. In September 2020, Defendants denied Plaintiff Fletcher's claim for benefits. (See Exhibit 11) Defendants contended that Plaintiff Fletcher was not restricted after September 21, 2019 despite undergoing eight surgical procedures, having a PICC line inserted and having a steroid injection in March 2020.

23. Defendants denial of benefits was not based on any opinions from any of Plaintiff Fletcher's treating physicians from June 2019 through and including September 2020.

24. As a result of Plaintiff's deteriorating condition, Dr. Eckel was forced to perform a ninth operation on Plaintiff Fletcher's ankle in November 2020. (See Exhibit 12).

25. Plaintiff submitted several appeals during the claims process, all of which were denied by Defendants not based on the Plaintiffs' treating physicians.

26. Plaintiff Fletcher conferred with Dr. Eckel, who confirmed that Plaintiff was disabled

from September 2019 until May 2021 and unable to perform substantial gainful activity including sedentary work. (See Exhibit 12 – letter of Dr. Eckel; See also Exhibit 13 as well).

27. Defendants agreed that Plaintiff was "temporarily totally disabled" for the period from November 4, 2020 until December 4, 2020 as a result of the ninth operation but still refused to pay any benefits to Plaintiff even though his condition had deteriorated in 2020 necessitating the sixth surgery on his ankle.

28. Defendants never disagreed that all of Plaintiffs prior surgeries through November 2020, PICC line and steroid injection were necessary and appropriate.

29. Defendants' reviewer that Plaintiff Fletcher was temporarily totally disabled never spoke with Dr. Eckel or examined Plaintiff Fletcher to determine why he was disabled from September 2019 until May 2021 including the fact that he had nine separate surgical procedures, a PICC line and a steroid injection. Defendants also failed to explain why the ninth operation rendered Plaintiff "temporarily totally disabled" when the previous eight surgeries, almost all after September 2019, PICC line and steroid injections did not render Plaintiff "temporarily totally disabled".

30. The status of temporarily totally disabled does not exist in the long-term disability policy under the definition of disability that Plaintiff Fletcher was covered under while he was employed nor was it referenced under the definitions contained in the long term disability policy. (See Exhibit 2)

31. Plaintiff Fletcher submitted additional medical evidence showing that he had other orthopedic conditions as a result of the medical treatment that he had received for osteomyelitis. (See Exhibit 14) Defendants did not request that their medical reviewers consider these conditions in violation of 29 CFR 2560.503-1(g)(1)(vii)(A), (j)6(i) before deciding whether or

6

not Plaintiff was capable of performing sedentary work after he submitted this medical evidence.

32. Plaintiff Fletcher submitted additional medical evidence eliminating sedentary jobs due to COVID 19 which Defendants did not request their vocational experts to consider COVID 19 and individuals like Plaintiff Fletcher, who was immunocompromised.

33. Plaintiff Fletcher submitted additional evidence concerning his claim for Social Security disability (Exhibit 15) that Defendants did not request their medical reviewers or vocational expert to consider or review which violated the 2018 U.S. Department of Labor regulations contained in 29 CFR 2560.503-1(g)(1)(vii)(A), (j)6(i). Under this regulation, Defendants were required as a matter of law to provide an explanation of the basis for disagreeing with or not following SSDI determinations which Defendants failed to do after the Social Security decision was sent to them in February 2021.

34. Defendants also failed to comply with the 2018 U.S. Department of Labor regulations by providing a statement that rules, guidelines, protocols, standards or other similar criteria did or did not exist in violation of 29 CFR 2560.503-1(g)(1)(vii)(B), (j)6(ii).

35. Plaintiff submitted extensive medical documentation to Defendant LINA proving that he was disabled from his duties based on the reports of treating physicians that included an orthopedic surgeon, chiropractor and a mental health counselor based on a variety of both physical and mental conditions.

36. Plaintiff could not properly perform sedentary work because of a combination of the aforementioned ailments, pain and medications to treat the ailments.

37. Defendants did not evaluate Plaintiff's disability based on all medical conditions for no apparent reason.

38. Despite Plaintiffs submission of medical evidence from experts including treating physicians and other specialists conclusively establishing that his disability eliminated any possibility of returning to sedentary work, Defendant LINA has still maintained its denial of benefits albeit Defendants at the final denial of the appeal contended that Plaintiff Fletcher was temporarily totally disabled after the surgery by Dr. Eckel in November 2020. (See Exhibit 16)

39. In accordance with the review procedures set forth in the summary plan description and 29 U.S.C. §1133, Plaintiff Fletcher administratively appealed the benefits claim denial in a timely manner. The appeal was supported with medical records from treating physicians in the file record whom confirmed continuing disability after September 21,2019. Despite such evidence, Defendant LINA refused to reverse their determination as evidenced in its letter dated June 1, 2021. (See Exhibit 16 – letter to Christopher Fletcher. from Defendant LINA)  Based on all the evidence submitted to Defendant LINA establishing that since September 21, 2019, Plaintiff Fletcher has been and continues to be disabled due to physical and mental conditions under the Plan, Plaintiff Fletcher is entitled to an award of long-term disability income benefits retroactive to September 21, 20219, to the present, pursuant to the policy.

40. Defendant LINA's denial of benefits is contrary to the provisions of the welfare benefit plan, was determined arbitrarily without the input of any medical doctor or vocational rehabilitation specialist that actually examined Plaintiff Fletcher and was not supported by the evidence presented.

41. Defendant LINA did not expressly reserve the necessary grant of discretionary authority to decide benefit denials in its insurance policy so that this Court should review the benefit denial under a de novo standard of review.

### Violations of Law

## COUNT ONE - DENIAL OF BENEFIT

42. Plaintiff Fletcher reincorporates, realleges and reaffirms all of the allegations in paragraphs 1 through 41.

43. Plaintiff Fletcher requests that this Court grant the following relief:

a)     That the Court enter judgment in Plaintiff Fletcher's favor and against Defendants LINA and Health Management and order the Defendant LINA to pay disability benefits to Plaintiff Fletcher in an amount equal to the contractual amount of benefits to which he is entitled and/or remand the instant case back to the claims process of Defendant LINA for a full and fair review;

b)     That the Court order Defendant LINA and Health Management to pay Plaintiff Fletcher prejudgment interest on all disability benefits that Plaintiff Fletcher was entitled to from September 21, 2019 until May 21, 2021 or remand the case for further proceedings consistent with the 2018 U.S. Department of Labor Regulations.

c)     That Court order the Defendants to continue paying additional benefits to Plaintiff Fletcher until such time as he no longer qualifies for continuation of benefits;

d)     That the Court award attorney fees and costs to Plaintiff Fletcher pursuant to 29 U.S.C. §1132(g);

e)     That Plaintiff Fletcher recover any and all relief to which he may be entitled.

_____
Stephen B. Lebau, Bar I.D. 1011093
Lebau & Neuworth, LLC
606 Baltimore Avenue –Suite 201
Towson, Maryland 21204
443.273.1203
Attorneys for Plaintiffs

9

## Certificate of Service

**I HEREBY CERTIFY** that on this 30th day of December 2021, a copy of the complaint and exhibits was served upon by certified mail:

| | |
|---|---|
| The Honorable Janet Yellen<br>U.S. Secretary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220 | The Honorable Martin Walsh<br>U.S. Secretary of Labor<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210 |

_____
Stephen B. Lebau